[Sac. No. 1318.    Department One.—January 25, 1905.]

In the Matter of the Guardianship of the Person and Estate of SARAH C. HAYDEN, Incompetent. F. H. COLLINS, Contestant, Appellant, A. L. WESTING, Guardian, Respondent.

GUARDIAN AND WARD—TIME OF RENDERING ACCOUNT—JURISDICTION.— Although a guardian is not required to render an account until the expiration of a year from the date of his appointment, he is not

prohibited from rendering it sooner; and the court has jurisdiction to settle his account when rendered before the expiration of a year.

ID.—DUTY OF GUARDIAN TO PROVIDE FOR WARD—SETTLEMENT OF ACCOUNT—AGREEMENT OF THIRD PERSON.—It is the duty of the guardian and of the court to provide out of the income of the estate for the comfort and support of an incompetent old lady who is helpless, regardless of an agreement of a third person to provide for her during the remainder of her life, in consideration of the conveyance of a reversion to him, if she is not cared for by such third person. The existence of such an agreement, or of the performance and the consideration of the conveyance, were matters to be determined in other suits upon proper issue, and not on settlement of the guardian's accounts.

ID.—BILLS PAID FOR MEDICAL ATTENDANCE—ITEMS.—Bills paid for medical attendance and services rendered to the ward are sufficiently itemized within the meaning of the statute, where they show the date of the payment, the amount, the person to whom paid, and the nature of the service. Such a bill need not contain each item going to make up the charge.

ID.—EVIDENCE—SUBMISSION OF CAUSE WITHOUT ARGUMENT—DISCRETION.—Where the court ruled out immaterial evidence, but permitted any evidence pertaining to the guardian's accounts, but the counsel for contestant offered none, and did not ask to argue the case, there was no abuse of discretion in ordering the case submitted without argument.

APPEAL from an order of the Superior Court of San Joaquin County settling the accounts of a guardian. W. B. Nutter, Judge.

The facts are stated in the opinion.

A. H. Carpenter, for Appellant.

Nicol & Orr, and E. P. Foltz, for Respondent.

COOPER, C.—This is an appeal from an order allowing the first account of the guardian in the above-entitled matter. The appeal is by F. H. Collins, a contestant, who claims to be an interested party.

One of the main objections relied upon was that the court had no jurisdiction, for the reason that one year had not elapsed from the date of the appointment of the guardian.

There is no merit in the objection. The guardian is subject to the supervision of the court, and must render his account as guardian for examination and approval. The usual complaint

is that these accounts are not rendered often enough, and not that they are too frequent. Section 1774 of the Code of Civil Procedure provides that the guardian must, upon the expiration of a year from the time of his appointment, and as often thereafter as he may be required, present his account to the court for settlement and allowance. The section while making it the duty of the guardian to file his account upon the expiration of the year does not prohibit him from filing and presenting it sooner. We will not presume that he will file his accounts so frequently as to incur needless expense and annoy the court. If such case should occur, the court will protect itself. Several errors are assigned as to rulings on the admissibility of evidence, which do not require special notice. We have examined them and find no error that would justify a reversal of the order. The questions relate principally to an agreement made by Collins, the contestant, to support the ward during the remainder of his life, in consideration of the conveyance of the reversion of certain real estate after the death of the ward. The existence of such an agreement, the fact as to whether or not Collins performed it, and the consideration for the conveyance to Collins, were matters that might have been for determination in other suits under proper issues; but in this case the ward was an old lady, paralyzed, helpless, and needing the care of a nurse at all times. She had plenty of property to support her; in fact, the income appears to have been sufficient for such purpose. In such case it was the duty of the guardian and of the court to see that she had all the necessary comforts that could be supplied to her in her last days, even if it had taken the principal for such purpose. The court should not have allowed her to be deprived of suitable food, nursing, and medical attendance in order that the estate left might be larger, or that some distant relative might be benefited. If she was not cared for by Collins, and the guardian gave her such care, his account will not be disallowed because Collins had made an agreement to care for her. In this case the amount expended for board, medicine, nursing, and medical attendance, including a considerable amount paid out in litigation in her behalf against Collins from March 10, 1903, to September 10, 1903, was only $1,028.57, being only $35.26 more than the income of the estate during the same period. It certainly does not seem, on its face, to have been

extravagant, and there is no evidence to show that it was so. Appellant did not attempt to prove that the charges contained in the account were not in fact paid by the guardian, but he claims that some of them were not properly itemized. The only portion of the account called to our attention in the brief is for medical attendance. The items are as follows:—

"Apr. 25th. Dr. Harry 20 visits at $2.50....$50.00
Sept. 4th. Dr. Arthur medical services...$70.00."

The above charges are sufficiently itemized within the meaning of the statute. They show the date of payment, the amount, the person to whom paid, and the nature of the services. It is not necessary that a bill of a physician or of a lawyer should contain each item that goes to make up the charge. If the amount of the claim is disputed, or if it is denied that the services were rendered, the court on the hearing may go into the particulars.

Appellant's counsel claims that the court ordered the cause submitted before his evidence was all introduced, and refused to allow him to argue the case upon the facts. The record shows that the contestant, Collins, had been on the stand and had been asked several questions that appeared to be immaterial and to which objections had been sustained. Counsel asked the witness several questions about Annie Fogacci, who had been employed as a nurse for the ward. He then asked the witness:—

"Q. Did you and she ever quarrel?

"*The Court.*—The court is not going to sit here and listen to this, these issues have been determined in the unlawful detainer suit; if you have any evidence to offer as to this account of the moneys received or dispersed, the court will hear you.

"*Mr. Carpenter.*—I think we have offered it.

"*The Court.*—I will permit you to ask any questions affecting this account that you have, but the court will decline to hear any further testimony without these limits."

To which ruling contestant excepted.

"*The Court.*—You may leave the stand, Mr. Witness, and the matter will stand submitted.

"*Mr. Carpenter.*—We except to the ruling of the court ordering the case submitted before our case is in."

It does not appear that the court refused to hear any rele-

vant evidence; on the contrary, the court expressly stated that it would hear any evidence affecting the account before it. Counsel did not ask permission to argue the case, and even if he had done so, we do not think in this case it would have been an abuse of discretion to refuse such permission.

The court further found that contestant was not an interested party, and hence had no right to contest the account.

The conclusions reached makes it unnecessary for us to determine the question.

The order should be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

                          Shaw, J., Van Dyke, J., Angellotti, J.

Hearing in Bank denied.